# Commonwealth *v.* Krotzer, Appellant.

*Liquor law—Selling without license—Club.*

The steward of a lodge of a fraternal and beneficial order may be convicted of selling liquor without a license where the evidence showed that the sale of liquors was not a mere incident to the lodge for its social department, but the principal business of the social organization, and that the receipts from the sale of liquors not only paid for the cost of the liquors and expense of their distribution, but paid all the expenses of maintaining the social rooms, including rent, light, heat and janitor service, and that without any outlay on the part of the lodge, or its social department.

Argued Oct. 6, 1913. Appeal, No. 7, April T., 1914, by defendant, from judgment of Q. S. Venango Co., August T., 1911, No. 6, on verdict of guilty in case of Commonwealth *v.* H. H. Krotzer. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Affirmed.

Indictment for selling liquor without a license. Before Criswell, P. J.

At the trial it appeared that the defendant was the steward of a lodge of the Fraternal Order of Eagles which maintained social rooms where liquors were distributed to the members by the defendant.

The court charged as follows:

The defendant is charged with having sold intoxicat-

ing liquors without a license in violation of the pro-
visions of an act of assembly which prohibits generally
such sales by persons who do not have a license so to
do, with some exceptions which will be noted later. Be-
cause of the provisions of the act all sales of such liquor
without a license are presumed to be unlawful. Not
only is this true, but where in support of a charge such
as is contained in this indictment the commonwealth
has shown a sale, such sale is presumed to be unlawful
and it is incumbent upon the party charged to show that
he is privileged and has a right to make the same by
producing a license from the court of quarter sessions
or by other proofs which will bring him within the ex-
ceptions referred to. A druggist may sell under the
prescription of a regularly registered physician but if
charged with having made unlawful sales and he wishes
to justify under such provision of the act it is incumbent
upon him to show that the sales were made under such
prescriptions. A sale has been defined as a transmuta-
tion of property from one to another in consideration
of some price or recompense in value, and where one
keeps a place where intoxicating liquors are exchanged
for a consideration then and there paid to be drunk
on the premises by those who pay for them, whether
the consideration be cash, tickets, scrip or chips rep-
resenting cash, an inference of a sale arises. Where
the commonwealth has so shown it has made out a
prima facie case, and it is incumbent on the person
charged to show either that he has a license or that what
appears to be a sale is legally not such.

In construing the license law referred to it has been
held that it does not refer to the use of liquors in the
home. It has also been held that it does refer or ap-
ply to liquors distributed among and used by mem-
bers of certain clubs; that such clubs were institutions
which had existed prior to and were well known at
the time of the enactment of the law and that if it had
been intended to prohibit the use of liquors therein

without a license the intention would have been clearly expressed. But whether or not any particular club is privileged and may, for a consideration, distribute liquors to and among its members, depends largely upon its character and the manner of the distribution. All so-called clubs may not do so. Mere drinking places, the object of which is the furnishing of liquors to its members and providing a convenient place of resort for the purpose of getting them, are not privileged but come within the prohibition of the act. To be privileged there must be an organization conducted in good faith, with a limited and selected membership, owning its property in common and formed for social, literary or other lawful purposes, to which the furnishing of liquors to its members would be merely incidental. A thing is incidental to another or is an incident when it is connected with something of more worth or importance. It is something appertaining to, passing with or depending on another which is the principal. We do not, therefore, and cannot properly characterize that which is the principal thing as an incident, and when a club or any similar organization, although having some other object or purpose, makes the distribution or sale of liquors the principal business it is no longer an incident and the business becomes unlawful.

Moreover, any such distribution of liquors to be lawful must be on an equitable basis and there should be no unequal contributions to the treasury from which they are purchased. If one consumes his share of the common property and that of others who do not drink liquor and he puts into the common treasury the value of the others, the consumption is not equal but it is made equal by the contribution to the treasury; that has neither lost nor gained and consequently the distribution is equitable. To make such contribution equitable, however, and to avoid any element of sale, it is essential that the amounts contributed by any who consume more than their share should not exceed the

fair value of the shares consumed by them. Otherwise there is an unequal contribution to the treasury and the element of bargain and sale attaches to the transaction. When therefore there is proof that such distributions are made at prices which are in excess of cost and expenses incident to the distribution,—in other words, when the goods are disposed of or distributed at a profit to the organization, this fact is evidence for the consideration of the jury as tending to establish the fact that the transaction is a sale, unlawful and prohibited by the act instead of being a distribution.

In determining whether or not a certain price is the equivalent only of the cost of the article and the expenses incident to its distribution, witnesses may differ, because of not agreeing as to what the expenses of distribution are. Some may assume that there is no profit in the traffic so long as there is no accumulated surplus, —in other words, that unless a surplus remains after the payment of all expenses in any way connected with the lodge or club and the administration of the bar or sideboard, there is no profit. But manifestly the existence of a profit is not to be so determined. If there be a steward in charge of the premises acting generally as caretaker and janitor, serving meals and other accommodations to members, it would be improper to consider his entire salary as an expense incident to the distribution of liquors and as a necessary expense to be covered by the profits derived from sale thereof. So with light, heat, rent and other expenses. Only such expenses as are incident to the distribution of liquors should be covered by the profits thereon and the intentional loading of expenses, not so incident, is proper for consideration by the jury in determining whether or not the traffic in liquors is for the purpose of gain and therefore a sale rather than an equitable distribution among the membership. Where the purpose is gain and an attempt is being made to profit by the traffic and evade the payment of license fees and the laws in-

tended to regulate and restrain the traffic in liquors the business is unlawful and those engaged therein are guilty under the terms of the statute, and in determining whether an alleged distribution is or is not a sale, and therefore unlawful, courts and juries will penetrate all disguises if there be any such and determine the real character of the transaction, and such is your duty in this case.

There is in this city a lodge or aerie of what is known as the Fraternal Order of Eagles. Such order has a constitution and laws for its government together with a constitution and rules for the government of subordinate lodges or aeries. The expressed object of the order is the uniting fraternally for mutual benefit, protection, improvement and association generally male members of the Caucasian race of sound body and health of certain ages. It provides sick, funeral and other benefits for its members including the services of a physician for members and their families. The constitution of subordinate aeries provides for regular weekly or semimonthly meetings and for special meetings to be held on the call of the president or presiding officer of the aerie. It has initiation ceremonies and meetings confined to selected members of the order. The duties of its officers are defined. Initiation fees and dues to be paid by members are provided for and generally its organization is not unlike other orders of a more or less kindred character. In addition to such characteristics, however, its rules provide for or contemplate in rather a negative way for the opening of social rooms or a buffet by subordinate aeries after notice to the Grand Worthy President of the Order. There is nothing in the constitution or laws of the order requiring the opening of them. Such rooms appear from the evidence to have been opened by the Franklin Aerie. In such rooms intoxicating liquors were furnished to members and the defendant was a member of such aerie and acted as steward thereof having in connection with

others charge of the rooms or buffet during the latter part of 1910 and early part of 1911. As steward he distributed or sold liquors during that time. The commonwealth contends that under the evidence the furnishing of such liquors were sales under the law and rules which we have indicated to you, and that the defendant is guilty. On behalf of the defendant it is contended that they amounted to nothing more than equitable and lawful distributions, privileged under the law, and therefore that he is not guilty. I shall not attempt a recapitulation or analysis of the evidence. This has been done at length by counsel to whom you have listened. If the commonwealth has shown the external forms and essentials of a sale it rests on the defendant to show those facts which relieve him from the penalties of the statute and establish his privilege. Were the transactions as disclosed by the proofs sales or were they privileged distributions? Was there an attempt to evade the license laws of the commonwealth and an actual evasion of the same? Was the furnishing of liquors the principal business of the organization of which the defendant was a member and the steward, and were the liquors furnished at prices in excess of cost and expenses incident to their distribution so as to derive a profit therefrom and for the purpose of deriving such profit and meeting the expenses of maintaining a convenient place for securing liquors as a beverage? Or, on the other hand, was there a bona fide organization formed for a lawful purpose, and was the furnishing of liquors but an incident in consummating and effecting the purposes of their organization? If the traffic was unlawful was the defendant a party thereto and participating therein? [Were these social rooms instituted in good faith in furtherance of the principles and purposes of the order, or were they a subterfuge intended for another and an unlawful purpose, to wit: that of providing a convenient place to secure liquors? What do the financial transactions and their management as disclosed by the

proofs indicate? What does the management of the rooms and the hours which they were kept open suggest as bearing upon the question?] [7] Take into consideration all the evidence bearing upon the question as to the character and purpose of the organization and the connection which the defendant had therewith and then render such verdict as the evidence may warrant. If satisfied beyond a reasonable doubt that it warrants a verdict of guilty, say so, leaving to the court the consequences of such a finding as something over which you have no jurisdiction. Your duty is to find the facts from the evidence and your verdict will be the expression of your findings and indicate your conclusions thereon. If you find the defendant guilty you will simply so state by your verdict. If you find him not guilty you will so state and further state what disposition you make of the costs.

Verdict of guilty, upon which judgment of sentence was passed.

*Error assigned* among others was the charge of the court.

*Quincy D. Hastings* and *James S. Carmichael,* for appellant.

*Dan B. Goodwin,* district attorney, with him *Wm. M. Parker, J. D. Trax, Edmond C. Breene* and *Wm. J. Breene,* for appellee.

OPINION BY MORRISON, J., November 17, 1913:

The defendant was convicted and sentenced on an indictment charging him with selling intoxicating liquors without a license.

When this case was here before (Com. v. Krotzer, 51 Pa. Superior Ct. 411), we said: "The first assignment cannot be sustained because at the time the motion was made for a binding instruction in favor of the defendant,

the commonwealth had made a sufficient case for the jury on the questions of the bona fides of the club organization, for which the defendant claimed to be steward, and whether or not the defendant had in fact been selling liquor or only making a lawful distribution of the same among the members of the organization as its steward or employee."

A careful examination of the present record discloses no reason for taking a different view of the case now, and, therefore, the learned trial judge did not err in holding that the case was for the jury.

The first five assignments of error challenge the rulings of the trial judge in refusing to sustain challenges of certain jurors for cause. In our opinion the examination of said jurors, as shown by said assignments, furnished no ground for sustaining a challenge for cause as to any of them, and said assignments are overruled.

We fail to discover reversible error in the remaining assignments. In our opinion the charge of the learned trial judge was, under the law and the evidence, fair, adequate and impartial. In this state, as a general proposition, the law forbids the sale of intoxicating liquors by any person unless he is authorized to make such sales by a license granted by a court of quarter sessions. The cases where such sales may be lawfully made without a license are exceptional, and we think the trial judge was right in instructing the jury, in substance, that when the commonwealth establishes, by testimony, that a defendant has been selling liquors, the burden is cast upon him of showing that he has a license or that he comes within the exceptional classes that may sell without a license.

In the present case the defendant, aided by his able counsel, failed to satisfy the jury that he did not violate the law in furnishing intoxicating liquors to a large number of persons in the quantities and under the circumstances detailed by the testimony. We here remark that it was not only proved but it was conceded by de-

fendant's counsel that he had actually furnished large quantities of intoxicating liquors to a large number of persons within two years of the date of the finding of this indictment against him by the grand jury.

In affirming the legality of the conviction of the present defendant we must not be understood as holding that a bona fide club cannot lawfully furnish intoxicating liquors to its members. That it may do so is shown by numerous authorities, among which are: Klein v. Livingston Club, 177 Pa. 224, and Com. v. Smith, 2 Pa. Superior Ct. 474. All that we now decide is that the defendant had a fair and legal trial, so far as we can determine from the record, and that the assignments of error do not disclose reversible error.

The assignments of error are all dismissed and the judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with that part of his sentence which had not been performed at the time this appeal was made a supersedeas.